Good morning. This is the matter of People v. Frias v. AUB-118-0518. The justices you have before you this morning are Aurelia Puchinski, Justice Lavin, and Justice Smith. The procedure we will follow is that first the appellant will present their case and it will not be interrupted. You have 10-15 minutes. Then the justices will respond. Then the appellee will present his or her case and they will have 10-15 minutes and then the appellant will finish off. With that, you may proceed. Good morning, Your Honors, and I would like to reserve five minutes of my time for a Bible test. May it please the Court, my name is Patrick Blagan. Good morning, Counsel, Your Honors. I represent the appellant Firas Ayyubi. We filed a brief with several issues, but for my comments here this morning, I would like to focus on the jury instruction issue, which we think requires a reversal of the conviction for aggravated criminal sexual assault and, depending on what this Court thinks about its jurisdiction over the kidnapping charge, that as well. The issue in a nutshell is this. Mr. Ayyubi was charged with multiple counts, but he was convicted of two counts. Aggravated criminal sexual assault that was perpetrated during the commission of another offense to wit, kidnapping. That's what the indictment says. That's count two. And count five, kidnapping by force or threat of force, or threat of use of imminent force, in which the defendant carried the victim from one place to another with the intent to secretly confine the victim. And that is in violation of the subsection A2 of the kidnapping statute. The problem with the instructions, and it's a very significant problem, is that the jury was instructed on the subsection A1 kidnapping violation, an entirely separate violation with different and, frankly, less onerous elements to prove. Subsection A1 requires that the defendant act knowingly, of course, and that the defendant secretly confines another against his or her will. His or her will. Period. The end. Subsection A2, with which the defendant was actually charged, requires that the defendant act knowingly and then by force or threat of force, carries the person from one place to another with the intent to secretly confine the other person against his or her will. So as the, you know, the pattern jury instructions and the statutes itself make clear, there's additional elements for a subsection A2 violation. Force or threat of imminent force. There's the carrying of the person away, and then there's the distinction of intending to secretly confine the person, as opposed to simply a secret confining of the person. And, you know, the state has not really confessed that the instructions were in error. I guess we'll find out what they say here today, but it's undoubtedly true that the instructions were erroneous. There was an instruction on the wrong statute. And so as a result, the jury was told that it could convict Mr. Iubi without finding all of the elements of the events. And so the question becomes, well, what happens in that circumstance? There is a hurdle that the defense has to get over, and that hurdle is that the issue was not raised below. It was raised for the first time on appeal. But plain error applies in this circumstance. And there's a relatively recent 2016 opinion from this court, People v. Robinson, that addresses a very analogous or identical situation, although not factually the same, but the analysis should be the same. Plain error can be found where there is a clear or obvious error that occurred, and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error. Now, we've argued in our brief that the criminal sexual assault and the kidnapping, and there is a line of cases that talk about there has to be a distinction. I rarely come across the word asportation, but there is a requirement that the asportation in the kidnapping or the detention be sort of separate and independent from what is necessary to commit the criminal sexual assault. So there is an argument here that the evidence is insufficient, and that argument should have been raised either on a motion for judgment acquittal or a post-trial motion before the district court, or excuse me, the circuit court. But the court doesn't have to decide that the evidence was even close to the balance, because the second plain error prone is where there's a clear obvious error, and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. And that's what the court found in Robinson, based on a series of Supreme Court cases, which is, in essence, that when there is an instructional error that goes to an element of the offense, that is plain error. It is because one of the reasons, and I'll just read what Robinson said, since it was said better than I could do it, is fundamental fairness includes, among other things, seeing to it that certain basic instructions are given. Instructions on the elements of the offense are among these basic instructions, and we have recognized that the trial court has the responsibility for ensuring that they are given. The failure to correctly inform the jury of the elements of the crime charge has been held to be error so grave and fundamental that the waiver of rule should not apply. So clearly there's plain error here. The jury was literally instructed on the wrong crime, that the guy was charged with one kind of kidnapping, and they were instructed on another. It's not, you know, it's not as if, you know, the instruction was somewhere or somewhere hidden in the instruction was the right instruction. It wasn't anywhere in the instructions the correct instruction. So how does, and just briefly on Robinson, it's not identical, but in and an aggravated criminal sexual assault conviction. The jury was wrongly instructed on the kind of kidnapping for the aggravated kidnapping, but correctly instructed on the kind of kidnapping applicable to the aggravated criminal sexual assault in that case. Here we have a different scenario. The jury was instructed wrongly in total. There's no one right instruction and one wrong instruction. The instruction on kidnapping was completely wrong, and in fact, and well, let me just get to here to what the state says in response. The state's response is to this argument is as follows. One, the court has no jurisdiction over the kidnapping conviction because Mr. Ayubi was not sentenced on it. The court found that it emerged. Whether you agree with that or not, I honestly, it's sort of a, you know, if the court reverses on an aggravated criminal sexual assault, you know, there will have to be a reversal on the conviction. That conviction was based on an erroneous instruction. As soon as it would become a final order, it would be appealed again. It's not, frankly, that seems like a bit of a waste of time, but what's important about the merger issue is that clearly the circuit, the trial court found that the kidnapping charge in count five was the kidnapping embedded in count two. It's not as if there was some other kidnapping. It had to find that to make the merger determination, and it did. So that argument, while I guess we'll take it for what it is in the state, it does support our argument that we're talking about the same kidnapping here. The second thing the state says is that the jury did get the proper instructions on the aggravated criminal sexual assault, and I'll wait to hear what they have to say about that, but that simply is not correct. In an ordinary aggravated criminal sexual assault charge based on kidnapping, if, for example, there was no kidnapping charge independently, the court would give the aggravated sexual assault instruction and then a definition of kidnapping. The court did not do that here. There is no separate definition of kidnapping following the aggravated criminal assault, criminal sexual assault instructions. There is only the instructions for count five, the kidnapping, and that's what the court was referring to. The reason it didn't redefine it is because it had already been instructed on it on that count. So there is no correct, while it was, you know, you could say it was a correct instruction because someone properly typed the IPI words for aggravated criminal sexual assault, that doesn't make it a correct instruction. It still has to be for the correct defense. Thirdly, the state says that there was one correct instruction for kidnapping embedded in the aggravated criminal sexual assault and one incorrect instruction, this is in Robinson, embedded in the aggravated kidnapping. That does not help the state's argument. That is a distinction that supports the defense. In Robinson, the court went at great length to explain why conflicting instructions, even if the right one is found somewhere, can still confuse a jury and leads to plain error. Here, we don't have that issue to worry about. The instruction is plainly wrong, and there's only one instruction, and it is wrong. So there is no, there's no way to argue that the conflict in Robinson is somewhat out of distinguishing, other than distinguishing in favor of the defense. Lastly, the people cite the case People v. Maxwell, where a defendant found out before the trial started that the state would also be seeking to instruct the jury on felony murder, and said that that's okay, but because they were told in advance, and the proper instructions were given with all of the right elements, there were no instructional errors. That's significantly different from what happened here. This is an instructional error that goes to the element of defense. The state wants to say that the defense has to prove prejudice, meaning somehow we were prejudiced. We don't. Robinson doesn't say we have to establish prejudice. Robinson doesn't say that at all. In fact, what Robinson says is that, as such, the jury instructions were missing an essential element of the offense charge. The jury conceivably found the defendant guilty of aggravated kidnapping without making the records and finding of different elements that is here. Robinson wasn't concerned with prejudice or whether the defense could prove this or that. The jury conceivably found the defendant guilty on the wrong instructions. That's clearly the case. Frankly, it's more than conceivable here. Here they only got one instruction, so the only finding they could have made was based on a wrong instruction. And, as the Supreme Court has said many times, we presume that the jury follows the instructions. We don't presume that they go off on a lark and decide things on their own. We don't presume that they come up with the instructions in the back and see what's most important. We presume they follow the instructions. Here, if they follow the instructions, they convicted Mr. Iov of a crime that he was never charged with, and they applied, more importantly, they applied the wrong elements to the offense. That is a plain error, and this court should reverse the aggravated criminal sexual assault conviction. Alternatively, we said in our brief that the court could just enter a conviction of the lesser-included offense without the kidnapping. I mean, the instructions for aggravated criminal sexual assault were correct absent the kidnapping part and just make it a criminal assault conviction. That, of course, would dramatically reduce Mr. Iov's sentence because he wouldn't be subject to the much higher sentencing based on a class act because of the aggregated nature of the crime. I see that I've run over my 10 minutes, but I have a couple of minutes, so I'll reserve the rest of my time for a vote. Thank you. Any questions? Yeah, I have a few. Let's talk about kidnapping. Is kidnapping one offense with three distinct forms similar to murder, or are there three distinct kidnapping offenses? I would say that it's three distinct kidnapping offenses, but I cannot say that the law is 100% crystal clear on that. I haven't found a case that said that it's like the murder statute, separate ones, but here, there clearly are different elements of the offense, and notably, Robinson didn't make that distinction. Robinson didn't say, well, it's okay because the kidnapping statute is all one offense with just multiple ways of committing it, as the murder offense has been described. Here, I don't see how it could be considered simply one offense. There are dramatically different elements. You couldn't plead double jeopardy with regard to A1 against A2. A2, if you apply the Blockberger test, the Supreme Court of the United States would say, there are different elements. What do you mean double jeopardy? How could you possibly say double jeopardy when we're now saying that you did it by force or threat of force, or we're now saying that you did it without threat of force? I do think that they are separate charges, and because they have dramatically different elements, and the Blockberger test would not preclude double jeopardy. But in this case, the state produced evidence that this man, through threat of force, having his hand in his pocket as if he had a weapon, so he had the threat of force, and he confined her, and he esported her, if that's a proper verb, I'm not sure, but moved her into the laundry room. So, all of it was in evidence. So, what's the beef there? Well, the beef, Judge, is that regardless of what the evidence is, the jury still has to be properly instructed, and the jury could have said, I mean, conceivably, just like in Robinson, the jury could have said, we don't need to worry about the, about use of force for this issue. We don't need to even think about it, and I will note that the arguments about the force were essentially the same for the aggravated, for, excuse me, for the sexual assault, as they were for the kidnapping. So, it's not like I'm, you know, coming out of left field here to say, oh, they could have said, maybe we don't have to decide that. They already were deciding something about force for the criminal sexual assault, so they may well have thought, we don't need to decide it for the kidnapping, and it's not as if the state argued, oh, there's distinctions here. This force goes to kidnapping, and this force goes to the criminal sexual assault. If you look at the argument, they used the same examples of force for both crimes. So, I, frankly, one, Robinson doesn't require that, us to establish that, and two, this is a circumstance where they could have used applied force to one crime and not the other, which gets us back to the, there must be a distinction between the kidnapping and the criminal, and the criminal sexual assault. So, you rely to a great extent on Robinson, and I get it, but to me, you know, that seems like the Robinson court and you are sort of mischaracterizing what is really a charging instrument issue, and not a jury instruction issue, because he was charged with one thing, but the instruction was another, but they had proof of both of them. Well, far be it from me to criticize the appellate court for their decisions, but. Welcome to the party. Yeah, I know, I've done it many times. The issue is, so what I think Robinson relates to, and I understand your position about, oh, well, maybe a charging decision goes under different categories of proof, but what the court has held, and it's, it shouldn't, I shouldn't say it's just Robinson. Obviously, we do rely to a great extent on Robinson, but Robinson itself relies on multiple Supreme Court cases making the same finding, where the elements were wrong, and they did not say it doesn't matter because this is really just a charging instrument issue. I mean, I will say that, you know, the Sixth Circuit only have a charge that, you know, was found by the grand jury. You know, this, the Illinois courts maybe deal with that a little less, or a little differently than the federal courts do. You know, you do still have a right to only be convicted of what you're charged with. You can't be charged with jaywalking and get convicted of murder, even if they tell you beforehand, right before the trial starts, that that's what they're going to try to prove, but be that as it may, neither Robinson nor the Supreme Court cases that underlie Robinson put that requirement on the defense. They didn't say it is, you know, you're really making a challenge to the, what was charged in the indictment. What they're saying is courts have to pay attention to the elements necessary to prove the crime, and where they're not instructed on that correctly, that's plain error. I don't see where any evidence was missing on any of them, whether it's aspartation, whether it's confinement, whether it's aggravated sexual conduct on this man's part, all of it was proved. There's plenty of evidence of all of it. Well, there is no overwhelming evidence exception to the right to have the proper elements instructed to the jury. I haven't found that in any case. There's no case that says it doesn't matter because the evidence was overwhelming. I don't think the evidence was overwhelming here in relation to the distinction between separating the kidnapping, the aspartation issue, from the criminal sexual assault. I mean, what we're talking about here is a de minimis movement down a hallway for a matter of seconds. We're talking about a matter of seconds of a detention, all which were the offender's purpose was for the criminal sexual assault having really nothing to do with it. Even if you move them 10 feet down a hallway, that is enough to distinguish the criminal sexual assault acts from the kidnapping acts. There is, and we can disagree about this, obviously, but this case is not one of the far afield, oh, they're making a ridiculous aspartation arguments. The cases cited by the state all involve moving a significantly longer distance for a significantly longer period of time, two-tenths of a mile, multiple blocks, those sorts of things. But be that as it may, Robinson and the Supreme Court, when the elements are wrong, don't require the defense to essentially prove prejudice. They don't say that a jury could have found all of the elements, even though they were told they don't have to. Why would a jury do that? Why would they pay attention to something? They've already got a hard enough job. Why would they pay attention or try to make findings that they're told they don't have to? That's all the questions I have. Any questions? Okay, Tyler, you're up. Morning, your honors. Assistant State's Attorney Tyler Michaels on behalf of the people of the state of Illinois. May it please the court. Before getting into the fourth argument, counsel just addressed the second argument, which would be the main asportation issue. As to defendant's second argument, there was sufficient evidence before the jury to justify convicting defendant for kidnapping as distinct from the criminal sexual assault that also occurred. And therefore, this court should affirm defendant's convictions. The four factors that this court looks at to support this do support the state's position. Now, first, the duration of the asportation in this case, while relatively brief, was hardly negligible. Y.L. was working that morning in the back of Palm Beach Tan, whereupon the defendant approached her, grabbed her by the hair and body and forced her down a hallway and into a closed employees only laundry room before shutting the door behind them. The asportation in this case is very similar to the asportation and people beware, which is cited in our brief, where this court upheld a kidnapping conviction where the victim was taken only a few feet from a hallway into a bathroom. And so it's it's not quite true that we didn't cite any cases with with so-called de minimis asportation. But in any event, this court has held that a kidnapping conviction is not precluded one way or the other by the brevity of the asportation alone. The second factor asks whether the asportation occurred during the commission of a separate offense. In this case, the asportation was clearly independent of the sexual assault, which ultimately resulted after Y.L. was transported from one spot of the tanning salon to another. These were two separate, distinct, discreet acts. The asportation was entirely comprised of defendant approaching, grabbing and forcing Y.L. from one location in the tanning salon into a second location, the employee's only laundry room. While on the other hand, the sexual assault itself occurred subsequently entirely within the laundry room itself. The third factor asks whether the asportation is inherent in the separate offense. Here are the criminal sexual assault. And the answer plainly is no. Asportation is not an element of criminal sexual assault. And the fourth and final factor is whether the asportation created a significant danger to the victim independent of that post from the separate offense. And here, the danger posed to Y.L. through her asportation from the back area of the tanning salon into the employee's only laundry room with the door closed self-evidently increased the danger defendant posed to her. While in the enclosed laundry room, defendant was able to exert complete physical as well as psychological control over the victim. And by concealing her within the enclosed room, it opened up all manner of potentially hazardous consequences to the victim. And indeed, the defendant surely believed that the laundry room was a more secure location within which to commit the sexual assault, which is why he took the victim in there in the first place. And so when viewed in the light most favorable to the prosecution, the evidence in this case was sufficient to for the jury to convict the defendant of aggravated criminal sexual assault predicated on the kidnapping as it did. And as to defendant's fourth argument, he's not entitled to a new trial where the state and the trial court instructed the jury as to only a single legally correct subsection of kidnapping, which was supported by the evidence produced at trial, acquiesced to by defense counsel, and did not hamper defendant in his preparation for trial. First, while defendant was indicted under a theory of kidnapping, which prohibited the intent to secretly confine the victim, and convicted under a theory of actual secret confinement, the jury again was instructed by both the state and the trial court on only one theory of kidnapping, that which prescribes the actual secret confinement of the victim, which is the subsection for which the jury found defendant guilty. The evidence at trial supported defendant's conviction on the subsection of kidnapping for which the state and the trial court instructed the jury. And moreover, during deliberations on jury instructions, defense counsel gave no objection to the kidnapping IPI from which the jury was instructed, and therefore affirmatively acquiesced. And the jury instructions had no discernible impact on defendant's ability to prepare for trial where in light of the overwhelming evidence against defendant, defense counsel relied exclusively on a defense of mistaken identity, which the jury rejected. Also, as to Robinson, Robinson is a very different case. In Robinson, the jury was given, according to this court, contradictory and confusing instructions, whereas here the jury was only given one instruction. And second in Robinson, the kidnapping instruction given to the jury, in addition to being contradictory, didn't align with the evidence that was produced at trial. It undercut, omitting certain elements, I think, I believe it was the inducement theory of kidnapping, hampered the jury in making its decision because one of the disputed elements was omitted from the jury was only given a single instruction. The state would ask that you find defendant guilty and affirm his convictions. Any questions? No questions. Okay, Patrick, you can do your closing. Thank you. The briefs lay out our position on the aspartation issue in depth, and, you know, we distinguish and on the aspartation issue. Why did the trial judge merge the kidnapping into the aggravated criminal sexual assault if it was so clearly a separate offense? As I understand the merger rules, which are not that easy to follow, it's either because it considered it to be one act, one crime in which, if that's the case, that the state is wrong and we're right, that it was really the same one, same offense, or two, that it was a lesser included offense. The kidnapping was a lesser included offense of the aggravated criminal sexual assault. I don't know that it's an aggravated, excuse me, that it's a lesser included offense, but if it is a lesser included offense, that supports our argument that the instructions were wrong, because if count five is a lesser included offense of count two, then the instructions were unequivocally, again, I mean, I think it's pretty clear anyway, but unequivocally wrong because that element was told to the jury improperly, because count five is not what the jury instructions said. The state has not cited to any, so Robinson has been the law in this district for four years now. There is not a single case that undercuts it. There is not a single case that says, if there's a lot of evidence or the court thinks there's a lot of evidence, obviously we disagree, if the court thinks there's a lot of evidence, then the instructions don't matter. What Robinson explains is that an element of the offense is so essential that an error that either reads it out or gives the wrong element of the offense is plain error that requires a reversal. I don't, you know, one reason why the court should maintain that position is so that everyone pays closer attention to the instructions. They're important. Nobody below here, defense counsel included, wrapped themselves in glory in the, you know, drafting of the instructions. But they're important as the Supreme Court and this court has said, especially when it comes to the elements. And again, this issue of there being contradictory instructions in Robinson, that doesn't make, that's a better situation than here, because at least someone can say, well, the jury could have understood what was at stake by reading the correct part of the instruction. Here we don't have any correct part of the instruction. The state says that it was the IPI instruction. It was not. It did not give the definition of kidnapping. It relied solely on the incorrect instruction for count five, which was previously given. I've used up my time and I thank the court for its attention. Any questions? No. All right. Thank you, both sides. They were both argued very well. It was an interesting case. The briefs were very well done. We'll let you know within the next two weeks, the result. Thank you very much for your time.